Allen v. Buckley.

ALLEN *et al.*, *Appellants*, v. BUCKLEY.

1.   **Tax Deed, Form of:** SALE.   Where there is more than one tract of land included in a tax deed, it should show, either expressly or by necessary implication, that there was a separate sale of each tract for its own tax ; otherwise it will be invalid.

2.   **Tax Purchaser :** FAILURE OF TITLE : REDEMPTION : JUDGMENT. Where the holder of a tax deed is defeated and the successful claimant should pay him taxes, interest, costs, and redemption money, as provided by 2 Wagner's Statutes, p. 1206, section 219, the amount necessary to redeem should be included in the judgment for taxes, interest, and costs.

3. ———— : ———— : RECOVERY OF TAXES. When no title passes to the tax purchaser, because of the failure of the officers to comply with the law governing the sale of land for taxes, and the holder of the tax deed is defeated in an action of ejectment, he is entitled to re- cover the taxes paid. 2 W. S., p. 1206, sec. 219. (*Affirming White v. Shell*, 84 Mo. 569).

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*M. W. Huff* for appellants.

(1) The tax deed substantially conforms to the statutory form, which is all that is required. *Hobson v. Dutton*, 9 Kan. 477 ; *Knox v. Huidekaper*, 21 Wis. 52 ; *Austin v. Holt*, 32 Wis. 478. (2) Until the deed was made, the certificate was simply a chose in action, and as such might be transferred directly from husband to wife. *Richardson v. Lourey*, 67 Mo. 411. Even if treated as real estate, the conveyance is legal. (3) The land is situate in St. Louis county, and it was the duty of the sheriff of that county to make the deed. Scheme, secs. 2, 3, 7, 33. (4) The deed may include several tracts. 2 W. S., sec. 216, p. 1205. The prescribed form was followed in writing the deed. 2 W. S., sec. 217. The deed conveys the title to plaintiff and she should have judgment for possession. (5) Plaintiff's deed being rejected, she should have had judgment for the amount of the purchase money, interest, and costs. 2 W. S., sec. 219, p. 1206. Plaintiff should be given a lien for an amount as is provided for in section 220.

*Z. J. Mitchell* for respondent.

NORTON, C. J.—This suit is by ejectment to recover the possession of a certain lot of land in St. Louis county. The petition on which the case was tried, besides being in the usual form adopted in bringing an ejectment suit, set up a tax title, and based plaintiffs' right to recover

upon it, and then prayed the court that if said title should be adjudged to be insufficient to justify a recovery of the land, that the court should then render a judgment for plaintiffs for the amount of taxes paid, with ten per cent. interest, and also for a sum equal in amount thereto, as redemption money, and that the judgment so rendered should be a lien on the land. On the trial, the court adjudged the deed to be insufficient, and gave judgment for plaintiffs for the amount of tax paid with ten per cent. interest from the time it was paid and costs, which it deemed to be a lien on the land. From this judgment, plaintiffs have appealed, and assign for error the action of the court in holding the tax deed to be bad, and also in not giving the proper judgment after so holding.

The deed shows upon its face that it includes six different tracts of land assessed to different persons, with the amount of the tax and judgment rendered against each tract. While it shows this, it fails to show that these tracts were each sold separately for the tax adjudged against it, and no other inference can be drawn from the deed, than that all the tracts were sold together for the aggregate amount of tax, interest, cost, and *penalty*, against all the tracts. While it is provided by our statute that a purchaser may have as many tracts as he buys at a tax sale included in one deed, it also provides that each tract is only chargeable with the tax assessed against it. When more than one tract is included in the deed it should show, either expressly or by necessary implication, the sale of each tract separately for its own tax. For the reason, if for no other, that the deed does not show this, the court was justified in holding it to be invalid.

The land in question was sold for the tax of 1875, assessed against it, and the proceedings against it were had under the revenue law of 1872, by the two hundred and nineteenth section of which (2 W. S., p. 1206), it is

Allen v. Buckley.

provided that if the holder of a tax deed be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay such party claiming under the tax deed, except in cases where the land was not subject to taxation, or the taxes for which the same was sold were paid before the sale, or it has been redeemed according to law, the full amount of all taxes paid, by the tax purchaser, on such land at the time of the purchase, and all subsequent taxes paid by him, together with the amount of redemption money provided for by law, and interest on the whole amount of such taxes, from the time of the payment thereof at the rate of ten per cent. per annum, which judgment shall be a lien on the real estate in controversy, and may be enforced by execution as in other cases of judgment, and decrees of such court.

While the trial court, after holding the tax deed to be insufficient, adjudged that plaintiffs might recover the amount of tax paid with ten per cent. interest and cost, and declared it to be a lien on the land in dispute, it refused to include in the judgment the amount necessary to redeem the land as provided, and it is this refusal of which plaintiffs complain. This complaint seems to be well founded and no reason is perceived why the court should have stopped, in its judgment, short of giving plaintiffs judgment for the amount necessary to redeem the land from tax sale, as provided in section 208, 2 Wagner's Statutes, p. 1202. In the case of *While v. Shell*, 84 Mo. 569, it is held that, when no title passes to the tax purchaser because of the failure of the officers to comply with the law governing sales of land for taxes, and the holder of the tax deed is defeated in an action of ejectment, he is entitled to recover the taxes paid as provided in section 219, 2 Wagner's Statutes, p. 1206.

Judgment reversed and cause remanded, in which all concur, except Ray, J., absent.