Bender v. Dungan.

BENDER, *Appellant*, v. DUN̦GAN *et al.*

1. **Deed to Lands Forfeited to the State: RECITALS.** A deed to a purchaser at private sale of land forfeited to the state should conform as near as may be to the form prescribed for tax deeds. (Laws, 1872, p. 130, sec 224.) It should contain apt and appropriate recitals in order that it may be *prima facie* evidence of such recitals.

2. ———: ———. Such deed is void when it fails to recite that the purchaser applied to the county clerk to purchase the land, or that the latter issued his order to the county collector, directing him to receive from the purchaser the amount due on the land, and fails to particularly describe the land and set forth the amount, and that it was the ten-per-cent. penalty, in addition to the taxes, interest and costs, or that the order was presented to the collector, and the latter gave duplicate receipts setting forth the amount received with a proper description of the property.

3. ———: ———. Recitals that various matters are done as required by law amount to nothing. The facts must be set out so that the court may see whether or not the law has been complied with.

4. ———: ———. Lands which had been forfeited, and remained unsold and unredeemed in 1875, should have been offered for sale at the regular sale of that year, and, if not then sold, should have been offered to the highest bidder; the forfeiture of such property as would not sell should have been cancelled, and a private sale thereof in 1876 was illegal on its face, and a deed in pursuance of such sale void. (Laws, 1872, p. 131, sec. 226.)

5. **Forfeiture of Land: EXECUTION: PRIVATE SALE.** Lands offered for sale under special execution for non-payment of taxes, and not sold for want of bidders, cannot be forfeited to the state and sold at private sale on the same day they were offered for sale under the execution.

6. **Practice: INSTRUCTION.** Where there is nothing either in the pleadings or the evidence upon which to base a declaration of law it is properly refused.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*L. C. Irvine* and *J. S. Crosby* for appellant.

(1) The tax deeds were in the form prescribed by the statute, and made a *prima facie* case of title in plaintiff, and judgment should have been for him for possession of the land. Acts, 1872, pp. 128, 129, 130. (2) The tax deeds, even if not sufficient as muniments of title, were, at least, evidence of the payment of taxes by plaintiff, as therein recited, and the declaration of law asked should have been given, and plaintiff should have had judgment accordingly. Acts, *supra.*

*T. C. Dungan* for respondents.

The tax deeds were none of them in any form prescribed by the statute, and were, therefore, not *prima facie* evidence of title. The form prescribed by section 218, Acts of 1872, page 128, was intended and prescribed only for lands regularly sold for delinquent taxes; but no form is prescribed for deeds—for lands sold on forfeited list, on the order of the county clerk directed to the county collector, as provided in sections 201 and 224, pages 124, 130, Acts of 1872; the only reference to such deeds is in the latter part of section 130, wherein it is provided that the purchaser shall be entitled to a deed made by the collector, as near as may be, in the form prescribed in this act, etc., which language clearly imports that all additional essential pre-requisites must be complied with and recited to make them *prima facie* evidence of title. Secs. 218, 201, 220 and 224, *supra; Guffey v. O'Reiley,* 88 Mo. 418; *Einstein v. Gay,* 45 Mo. 62; *Pearce v. Tittsworth,* 87 Mo. 635; *Williams v. McLanahan,* 67 Mo. 499; *Large v. Fisher,* 49 Mo. 307; *Smith v. Funk,* 57 Mo. 239; *Spurlock v. Allen,* 49 Mo. 180; *Wellshear v. Kelley,* 69 Mo. 353; *Ewart v. Davis,* 76 Mo. 129; *Raley v. Guinn,* 76 Mo. 263; *Hopkins v. Scot,* 86 Mo. 141.

RAY, C. J.—This is an action of ejectment to recover the described premises which are situate in Holt county, Missouri. The petition is in the ordinary form, and the answer one of general denial. By agreement of parties a jury was waived and cause tried by the court. A finding was had for defendant, from which plaintiff has appealed.

Plaintiff offered, in evidence, three tax deeds, one for the taxes of the year 1873, another for the taxes of 1874, and the remaining one for the taxes of the year 1875, all of which were, upon the objections of defendant, excluded by the court. No other evidence was offered in the cause.

No declarations of law were asked by defendant, and but one on the part of plaintiff, which the court refused and which will be considered later in the progress of the opinion.

We may premise that the three several tax deeds all bear the same date, to-wit: February 28, 1879, and convey the same land, being the one hundred and sixty acre tract involved in this suit, and that these lands were not sold for delinquent taxes, but were lands forfeited to the state and sold from the forfeited lists to plaintiff at private sale on October 7, 1876.

I. The law, we may observe, does not specifically prescribe the form for this class of deeds, but section 224 (Laws, 1872, p. 130) provides that, when purchasers shall become entitled to deeds for real property forfeited to the state, the same shall be made by the collector *as near as may* be in the form prescribed in the act, and that they shall have the same force and effect and be governed by all the conditions provided for tax deeds. It is manifest from this language, and from inspection of the provisions of said section 224, that the form and phraseology of the tax deed applicable to the sale of lands for delinquent taxes would have to be added to, modified and altered, in order to be adjusted to,

and embrace the requirements peculiar to section 224 under which deeds for forfeited lands are authorized. Although the form other than as above is not prescribed, yet, as was said in *Guffey v. O'Reiley*, 88 Mo. 424, the deed must contain apt and appropriate recitals in order that it may be *prima facie* evidence of such recitals.

The tax deeds for the taxes of the year 1873, which is the one plaintiff selects to set out in full in his abstract, shows on its face and recites among other things, that "John C. Bender did, on the seventh day of October, 1876, pay to the collector of said county the sum of twenty-eight dollars and ten cents, being the amount of taxes, costs and penalty then due thereon as above stated opposite each tract respectively, required for the purchase of said tract of land according to law, and did receive from said collector a certificate of purchase duly describing said tract of land and duly signed by said collector, and countersigned by the clerk of the county court; and that said tract of land had not been redeemed according to law;" but it fails to show or to recite, as section 224, Laws, 1872, page 130, requires, that said Bender, the plaintiff herein, applied to the county clerk to purchase the said lands, or that the county clerk issued his order to the county collector directing him to receive from said Bender the amounts due on said tract, and fails to recite or show that said order particularly described the land and set forth the amount due, and that the same was the ten-per-cent. penalty in addition to the taxes, interests and costs. Nor does the deed recite that said order was presented to the county collector, or that the collector gave the duplicate receipts, setting forth the amount received and a proper description of the property. Recitals that various matters are done as required by law amount to nothing. The facts must be set out so that the court may see whether or not the law has been complied with. *Pearce v. Tittsworth*, 87 Mo. 640, and cases cited.

Again, section 226 (Laws, 1872, p. 131) provides, among other things, that, at the regular sale in the year 1875, lands which had been previously forfeited, and then remained unsold and unredeemed, should, after being offered for the amount due thereon and not sold, be then and there immediately offered and sold to the highest bidder, but not for a greater sum than was due thereon including costs, etc., and that the former forfeitures of such property, as would not sell, should be cancelled. The land in suit had been, as we have seen, forfeited for the amounts due for the taxes of the years 1873 and 1874, and, if not sold at the regular sale in 1875 to the highest bidder, the said forfeitures for said taxes should have been cancelled at that time, so that this private sale of the land thereafter in October, 1876, recited in the deed, was, we think, illegal and void. These omissions are, we think, sufficient to show that the deed does not strictly comply with the substantial requirements of the law, and for these reasons the deed is, we think, void on its face.

The deed for the taxes of the year 1875, set out by the defendant in his abstract, contains all the omissions in the deed just passed on, with some additional defects of its own and peculiar to itself. For example, this deed recites that a special execution issued out of the county court dated July 17, 1876, and that the land was offered for sale thereunder, October 7, 1876, but was not sold for want of bidders so that the land could not legally be forfeited and sold at private sale on this day, October 7, 1876, being the same day it was offered at the delinquent sale. But, as the defects already stated are fatal and render the deed void on its face, others need not be further discussed.

II.    The court, as before stated, refused the declaration of law asked on the part of plaintiff to the effect that, although the plaintiff should be defeated in this action for the recovery of the land in suit, he would

nevertheless be entitled to judgment against defendant, Thomas C. Dungan, for the full amount of all taxes paid by plaintiff on said land, at the time of his purchase thereof, with penalty thereon for non-payment of taxes, together with interest thereon at the rate of ten per cent. per annum from the time of payment by plaintiff, provided said Dungan be the successful claimant of said land.

This action of the trial court was, we think, correct. The action was, as stated at the outset, in the usual and and ordinary form for the action of ejectment, and the answer was a mere general denial. No such question as that presented by the said declaration was raised or embraced in the pleadings. These deeds, when in conformity with the statutes, are made *prima facie* evidence; but, if void on their face, as in this case, they are not competent for any purpose, especially where the pleadings are as stated. The deeds were excluded, and were no longer before the court for any purpose. As the tax deeds were excluded, and no other evidence was offered, there was nothing either in the evidence or in the pleadings on which to base the declaration asked for, or the money judgment therein prayed for. *Smith v. Laumeir*, 84 Mo. 672; s. c., 12 Mo. App. 547.

It follows, therefore, from these views, that the court's ruling in this behalf was also right and proper, and its judgment herein is therefore affirmed. All concur.