HERMAN J. VOIGHTS, Trustee, and ROBERT E.
BOOTH, Executor, of Estate of DIETRICH FAD-
LER, v. B. L. HART et al., Appellants.

### Division One, December 2, 1920.

1. **TAX SALE: Different Tracts: One Sale.** Whether the different
tracts belonged to the same or different owners, the Charter of
Kansas City of 1909 required a separate sale of each tract for the
taxes due on it; and a deed whose recitals show that the city
offered the full amount of the taxes due on two lots for both lots,
and that both were stricken off to it at such lump sum, is void.
While more than one tract may be included in the same deed, its
recitals should show the amount of delinquent taxes against each
lot, and that each was sold for the amount due on it alone, and not
*in solido* for taxes due against all the tracts sold.

2. ———: **According to All Requirements of The Law: Inference.** It
cannot be inferred from a recital in the tax deed that the sale
was made "in conformity with all the requirements of the law in
such cases" that each lot was sold separately for the taxes due
against it alone, since the charter requires an express or affirma-
tive statement in the deed that each tract was sold separately.

3. ———: **Non-Judicial Sales.** In determining the validity of sales
and deeds made by a sheriff under regular judicial proceedings
a more liberal construction of the acts and proceedings of the
officers is allowable than in non-judicial sales for taxes; for such
non-judicial sales and the deeds made in pursuance thereto, to be
valid, are required to strictly conform to the provisions of the
law.

4. ———: ———: **Special Assessment Taxes.** The form of the deed
prescribed by the Charter of Kansas City of 1909 for use in tax
sales must be modified so as to tell the truth and fit the facts in
each particular case; and a tax deed is void which fails to state
that the taxes for which the property was sold were special as-
sessments levied by the park board and council for the mainte-
nance and repair of parks and boulevards, where the ordinance
provided that such sales should be governed "as far as practicable"
by the laws and ordinances governing sales for the non-payment
of general taxes.

5. ———: **Void Deed: Things to be Proved by Property Owner.** If
the tax deed was not "executed substantially as provided" in

one section of the charter, another section requiring the person claiming adversely to the tax title to prove that the taxes were paid before sale, or that the property was not subject to taxation, or that it had been redeemed or tender made, does not apply, for the provisions of said other. section apply only when the tax deed is valid on its face.

6. ———: **No General Taxes Due.** A recital in the tax deed that the lots were sold for "taxes assessed upon said real property" must be held to mean general city taxes, and if all the general city taxes were paid when the property was sold, the deed containing such recital was void.

7. ———: **Reimbursement: For Money Paid for Later Certificates.** The Charter of Kansas City only authorizes recovery, by the person claiming under an invalid tax deed, of the amount of taxes, assessments, etc., "paid by the purchaser . . . after the date of the certificate of purchase," and does not authorize recovery by the assignee of the certificate. of purchase of the amount he paid the city for taking- up certificates of purchase for subsequent years. But such claimant, in his suit to have the tax deed declared void, should pay into court, or to defendant personally, the amount, with twelve per cent interest, which he paid for his certificate of purchase and his tax deed.

8. ———: **Void Deed: Suit in Equity: Quieting Title.** A suit in equity may be maintained to cancel a deed void on its face. Besides, a suit to quiet title, if the allegations of the petition are sufficient to bring the case within the provisions of Section 2535, Revised Statutes 1909, may be maintained by any person claiming title, whether in or out of possession, against any other person claiming title, whether under a deed void on its face or void in fact.

9. ———: ———: **Laches.** If the owner did nothing to induce defendant to buy his property at the tax sale, his suit to have the sale and deed declared invalid is not barred by laches because of his failure to redeem within five years.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,*
Judge.

Affirmed.

*Clarence Wofford, Bert S. Kimbrell* and *Walter W. Calvin* for appellants.

(1) The plaintiffs are not entitled to equitable relief under the allegations of the bill and under the evi-

dence introduced in support thereof; and, the court erred in overruling the demurrer of defendants offered at the conclusion of all the testimony in the case. (a) The failure to pay the taxes assessed against the property, the sale of the property for the non-payment thereof, the failure to pay the taxes after delinquency and before sale, the failure to redeem the property within six years and two months after the sale, and the consequent loss of the property, resulted solely from and was occasioned by the negligence and inattention of Dietrich Fadler. Betzler and Clark v. James, 227 Mo. 392; Thompson v. Lindsey, 242 Mo. 76; Cantwell v. Johnson, 236 Mo. 600; Jones v. Rush, 156 Mo. 374; Brown v. Chaney, 256 Mo. 226; Brown v. Fagan, 71 Mo. 568; Picot v. Page, 26 Mo. 413; Dunn v. McCoy, 150 Mo. 561; Brown v. County of Buena Vista, 95 U. S. 159; United States v. Ames, 99 U. S. 35; Grymes v. Sanders, 93 U. S. 61; Great Western Mfg. Co. v. Adams, 176 Fed. 327. (b) The failure or neglect of Dietrich Fadler to timely invoke and pursue the plain, adequate and complete remedies which the law afforded him for the protection of his property against taxation, for the protection against sale for taxes before and after delinquency in the payment of taxes, and for the redemption of his property after sale within the time prescribed by law. Alnutt v. Leper, 48 Mo. 319; Perkins v. Railroad, 143 Mo. 513; Bank v. Staats, 155 Mo. 57; Cantwell v. Johnson, 236 Mo. 601; Coleman v. Hagey, 252 Mo. 131; Somerville v. Hellman, 210 Mo. 574; Keith v. Browning, 139 Mo. 196; Sturgeon v. Mudd, 190 Mo. 209; Moss v. Brant, 216 Mo. 656. (c) Failure in both allegation and proof to show that the property was not subject to taxation for the year 1911, that the taxes for the year 1911 were paid before the sale, or that the property was redeemed from the sale or that an attempted redemption thereof was made before the execution and delivery of the tax deed. Charter of Kansas City, sec. 41, art. 5; Callanan v. Hurley, 93 U. S. 387; DeTreville v. Smalls, 98 U. S. 525; Keely v. San-

Voights v. Hart.

ders, 99 U. S. 441; Straus v. Foxworth, 16 N. M. 442, 231 U. S. 162; Maxwell v. Page, 23 N. M. 356; Berkey v. Burchard, 119 Mich. 103. (2) The finding and decree of the court are erroneous in that the court found, and the decree recites that the defendants were only entitled to recover of and from the plaintiffs the taxes paid at the tax sale on November 14, 1911, in the sum of $38.27, with interest at the rate of twelve per cent per annum from November 14, 1911; whereas, the court should have found, and the decree should have provided, that the defendants were entitled, not only to the return of the amount, with penalties, paid at the tax sale, but also to the return of all taxes, state, county or municipal, general and special, paid by them, after the date of the certificates of purchase, together with penalties, and interest on said amounts at the rate of twelve per cent per annum from the date of such payments; and, the court, therefore, erred in overruling defendants' motion in arrest of judgment. Charter and Ordinances of Kansas City, 1909, sec. 44, art. 5.

*Guthrie, Conrad & Durham* and *Hale Houts* for respondent.

(1) A tax deed conveys no title unless all statutory or charter requirements, both as to the manner of holding the sale and as to the steps to be taken thereafter, are strictly complied with and unless the deed recites such compliance. 37 Cyc. 1281; Meriwether v. Overly, 228 Mo. 235; Gregg v. Jesberg, 113 Mo. 39; Moore v. Harris, 91 Mo. 621; Abbot v. Doling, 49 Mo. 302. (2) If the sale or deed is invalid for any reason, even though the deed may be void on its face, the deed constitutes a cloud on the title which equity will remove by cancellation. Wilcox v. Phillips, 260 Mo. 690; Pocoke v. Peterson, 256 Mo. 518. (3) Plaintiff was not precluded from setting up title and obtaining relief prayed for by charter provisions purporting to validate tax deeds. (a) Neither statutory nor charter provisions

can make recitals of tax deeds conclusive evidence that the essential steps in the sale for taxes and conveyance thereunder have been taken. Abbot v. Lindenbower, 42 Mo. 162; Roth v. Gabbert, 123 Mo. 29; State ex rel. v. Atkinson, 271 Mo. 42; Brown v. Hartford, 173 Mo. 189; Burden v. Taylor, 124 Mo. 21; Kinney v. Forsythe, 96 Mo. 419. (b) Moreover, the form provided by the charter, Article V, Section 40, does not provide all recitals necessary in every case. It is inapplicable, in part at least, to cases in which property is bid off for the city under Section 30 of said Article and certificate of purchase assigned by the city auditor as therein provided. Neither does the form provide the recitals for cases in which the sale was continued, and in which more than one tract is included in the deed. Skinner v. Williams, 85 Mo. 494; Sullivan v. Donnell, 90 Mo. 282; Bender v. Dungan, 99 Mo. 126. (4) Fadler was guilty of no laches barring this action. Williams v. Sand, 251 Mo. 147; Myers v. DeLisle, 259 Mo. 506; Fleming v. Wilson, 277 Mo. 579; Rutter v. Carothers, 223 Mo. 640. (5) The proceedings upon which the tax deed were based, the certificates of purchase and the deed itself were not held and made in conformity to law, and defendant received no title under the deed. (a) The certificates of purchase and the deed purported to assign and convey interest and title to the property in question on account of delinquency in payment of general taxes and sale under Article V of the charter and failed to recite that the taxes in question were special park taxes levied under Article XIII of the charter and failed to set up the resolution and ordinance pleaded by defendant and introduced in evidence levying the taxes and providing for the assessment and collection. The certificates and the deed therefore failed to recite the very basis of the whole proceedings and the essential steps necessary to passing of title, and are therefore invalid. (b) The property having been bid in by the city it was necessary that the deed show that the sale was con-

ducted and the property bid in in accordance with the provisions of Section 30, Article V of the charter, which constituted the only authority for the city to bid in the property. Sec. 30, Art. V, Charter; Skinner v. Williams, 85 Mo. 494; Sullivan v. Donnell, 90 Mo. 282; Bender v. Dungan, 99 Mo. 126. (c) The tax deed shows a sale of the two lots involved together and for one lump sum, whereas the certificates of purchase show a sale of the lots separately. Davis v. Evans, 174 Mo. 307. (d) The tax deed is void on its face for the reason it recites that the two lots were sold and bid off as a whole and for one lump sum. The charter, sec. 28, art. 5, provides that the tracts must be sold separately. Allen v. Buckley, 94 Mo. 160; Williams v. Cooperage Co., 100 Mo. App. 162; State ex rel. v. Richardson, 21 Mo. 420. (6) The court allowed defendants all they were entitled to recover on account of the tax deeds. The defendants were made whole by the court's decree. Secs. 35 and 36, Art. V, Charter 1908. (7) Plaintiffs made sufficient tender to defendants of the money paid by defendant Hart on account of the tax deed and property in question. R. S. 1909, sec. 11508; K. C. v. Field, 270 Mo. 500; Yeaman v. Lepp, 167 Mo. 61; Williams v. Sands, 251 Mo. 167.

SMALL, C.—Appeal from the Circuit Court of Jackson County. Petition filed January 30, 1918, by Dietrich Fadler, and he having died before the cause was tried, it was revived in the name of respondents, as trustee and executor under his will. The object of the petition is to cancel and set aside certain certificates of purchase and a city collector's tax deed to Lots 236 and 237 in Block 17 in McGee's Addition to Kansas City, owned by said Fadler. The lots were sold by the collector for non-payment of the park maintenance and boulevard assessments of the South Park District for the year 1911, and bid in by the city, and the certificates of purchase afterwards, on January 9, 1918, assigned to defendant, B. L. Hart, to whom a tax deed was issued

on said date and recorded in the office of the Recorder of Deeds, January 10, 1918. There are a number of grounds in the petition attacking the validity of the tax sale, and also the validity of the certificates of purchase and tax deed, as void on their face, as well as for matters not so appearing, which will be mentioned in the course of the opinion, as far as necessary for the disposition of the case.

The prayer of the position is that said certificates and tax deed be declared void and canceled to remove the same as a cloud on plaintiffs' title, and that the court try and determine the title of plaintiffs and of defendants, and define and adjudge the title and interest of plaintiffs and defendants, and for general relief.

The answer of defendants admits the issue of the certificates of purchase and tax deed, sets out the resolution of the park board and city council levying a special assessment for the purpose of maintaining, repairing, etc., parks, boulevards, etc., in the South Park District for the year 1911; and also an ordinance, approved April 25, 1911, providing for the payment and collection of said special assessment, which said ordinance provided ''that the laws and ordinances governing the entering, extending, payment and collection, and the sale for non-payment of general taxes of the city shall, as far as practicable, govern the entering, extending and collection and the sale for non-payment of the special assessment hereby levied; . . . and provided further, that if the sale of any land to enforce the collection of this assessment is contrary to the public policy or laws of this State, then the amount, etc., may be collected by suit prescribed by Section 26, Article VIII of the City Charter.''

The answer further alleged the several steps taken by the city in relation to the sale and issue of the certificates of purchase and the tax deed and the recording thereof. The answer further alleged that after the assignment of said certificates and the issue of the tax

deed, plaintiff, Fadler, paid no taxes on said property, but the defendant, B. L. Hart, after obtaining his tax deed, paid all the city taxes on said property for the years 1913 to 1916, which, including said park and boulevard maintenance tax for the year 1911, amounted to $1425. That after November 14, 1911, said Fadler never paid nor offered to pay any taxes, and never offered to redeem said property from tax sale, except by the institution of this suit on January 30, 1918. That by reason of the premises, said Fadler was guilty of laches and is barred and estopped from asserting any right to said property or redeeming the same, and that said defendant, by virtue of such tax sale and his tax deed, is the absolute owner of said lot. Wherefore, the defendants pray that the plaintiffs' petition and bill be dismissed.

The reply traversed the new matter of the answer.

At the trial, there was no question raised as to the validity of the special assessment for park and boulevard taxes for the year 1911 for which the property was sold. The certificates of purchase were introduced in evidence; both dated January 5, 1912, and recorded May 2, 1912; one showing that said Lot 236 was sold for $20.40 to Kansas City, and the other, Lot 237, sold to said city for $17.87. These certificates were in precisely the same language, except one related to Lot 236 and the other to Lot 237. Neither recited that the property was sold for the park and boulevard assessment of 1911, or special assessments of any kind, but followed the form for certificates of purchase of land sold for general city taxes. The treasurer or collector's deed which defendant, B. L. Hart, received and under which he claims title, omitting the acknowledgment, was as follows.

"Know all men by these presents, that, whereas, the following described real property, viz.: Lot 236 Block 17 McGee's Add. Lot 237 Block 17 McGee's Add. situate in Kansas City, in the County of Jackson, and State of Missouri, was subject to taxation for the year 1911; and whereas, the taxes assessed upon the said

real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas, the City Treasurer of said Kansas City, did on the 14th day of November, 1911, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Monday of November, 1911, the first day on which the annual tax sale began and continued to and including said first mentioned day, expose to public sale at the office of the City Treasurer in Kansas City aforesaid, between the hours of ten o'clock in the forenoon and five o'clock in the afternoon, in conformity with all the requirements of the law in such case made and provided, the real property above described, for the payment of taxes penalty and costs then due and unpaid upon said real property. And whereas, at the place aforesaid Kansas City of the County of Jackson and State of Missouri having offered to pay the sum of $38.27 being the whole amount of taxes, penalty and costs then due and remaining unpaid on said real property for Lot 236, Block 17, McGee's Add. Lot 237, Block 17, McGee's Add. and the payment of said sum having been by it made to said city treasurer, the said property was stricken off to it at that price. And, whereas, the said Kansas City did, on the 9th day of January, 1918, duly assign the certificate of purchase of the property as aforesaid and all its right, title and interest to and in said real property to B. L. Hart of the County of Jackson and State of Missouri; and whereas five years have elapsed since the first day on which the annual tax sale began and the said property has not been redeemed therefrom, as provided by law; and, whereas, the City Treasurer of Kansas City aforesaid; did, at least four months before the expiration of the time limited for redeeming said real property, publish a notice as required by the law in such case made and provided, that unless said real property was redeemed on or before the day limited therefor, it would be conveyed to the purchaser or his heirs or assigns.

"Now, therefore, I, Harry E. Barker, City Treasurer of Kansas City, county and state aforesaid, for and in consideration of the sum of $39.27 taxes, penalty and costs due on said real property for the year 1911 to the City Treasurer of said Kansas City, paid as aforesaid, and by virtue of the law in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said B. L. Hart, his heirs and assigns the real property last hereinbefore described, to have and to hold unto him the said B. L. Hart, his heirs and assigns forever.

"Subject however to all rights of redemption provided by law.

"In witness whereof, I, Harry E. Barker, City Treasurer of Kansas City, as aforesaid, have hereunto subscribed my name and affixed the corporate seal of Kansas City, this 9th day of January, 1918.

" (Rev. $50)                    Harry E. Barker,
" (L. S.          *City Treasurer of Kansas City.*"

Ernest Forbes, for plaintiffs, testified: That he was redemption clerk in the City Auditor's Office; that the property was sold for said park and boulevard assessment; that there were no records in that office showing that the city paid anything for either of the lots in question at the tax sale involved, and that the city never pays the bid it makes for property at tax sales; it simply bids in the property and later acquires the amount of the taxes by assignment of the certificates of redemption.

Plaintiffs' testimony further showed that Dietrich Fadler, the owner of the lots, died in February, 1918. That at his death he was 90 or 91 years old. That he was a bachelor. That he was never away from the property for four or five years before his death. That he did not pay the taxes, because a young lawyer told him that the law under which the taxes were levied he thought was unconstitutional, and it was unjust, and, therefore, he did not think he ought to pay them.

Plaintiffs' counsel, in open court, renewed their offer to reimburse the defendant, B. L. Hart, on account of outlays, the same as in the petition.

It was admitted by defendants that the property was worth $50,000 at all times mentioned in the petition.

At the close of plaintiffs' testimony, defendants offered and the court refused a declaration to the effect that the plaintiffs were not entitled to recover.

The defendants introduced the resolution of the park board and resolution and ordinance of the city relating to the levy and collection of the park and boulevard maintenance taxes for 1911, which were as stated in the answer.

Defendants further showed that on January 9, 1916, they procured certificates of purchase by assignment from the city on account of the sale of said property for taxes for the years 1913-1916, inclusive.

In rebuttal, the plaintiffs introduced in evidence the certificates of the city auditor, showing the payment of the sum of $1437.96 by them to said city in redemption of said lots from the tax sales thereof for the years 1913, '14, '15, '16, '17. Plaintiffs also showed that they had paid into court on October 22, 1918, the sum of $100, as a special deposit in the case.

The court found the issues for the plaintiffs and rendered judgment as prayed in the petition, and ordered that out of the money deposited in court, the defendant, B. L. Hart, be paid $85, being the amount for which the tax sale was made, including interest thereon at the rate of twelve per cent per annum from November 14, 1911, to the date of the decree.

Being unsuccessful in moving for a new trial and in arrest of judgment, the defendants appealed to this court.

I. (a) The first charge in the petition which we shall consider, is that the tax deed is void on its face, because it shows both lots were sold as one tract for the

Sale in
Solido.
lump sum of $38.27 and not sold separately for the taxes delinquent upon each, as required by the charter of the city. The deed recites that: "Whereas, Kansas City . . . having offered to pay the sum of $38.27, being the whole amount of taxes, penalty and costs then due and remaining unpaid on said real property for Lot 236, Block 17, McGee's Add. Lot 237, Block 17, McGee's Add., and the payment of said sum having been by it made to said city treasurer, the said property was stricken off to it at that price." It is plain enough that this is a clear recital that the city offered a lump sum of $38.27, the full amount of the taxes due on both lots for both lots, and both lots were stricken off to it at such lump sum. The form of the tax deed is prescribed by the present freeholders' Charter of Kansas City of 1909 (Sec. 40, Art. V). It is in precisely the same words as the form prescribed by the special legislative Charter of Kansas City of 1875 (Laws 1875, p. 237). The deed in this case follows the form *literally,* but the form *literally* was intended for a deed conveying but a single tract, and shows that the amount of the taxes on this single tract, and for which it is sold, shall be set out in the deed. While more than one tract may be included in the same deed (Sec. 39, Art. V, Charter of Kansas City, 1909) yet, in that event, the recitals of the deed should show the amount of the taxes delinquent on each tract, and that each tract was sold for the amount delinquent on it alone and not *in solido* for taxes delinquent on it and other property also, as in this case.

In Sullivan v. Donnell, 90 Mo. 282, BLACK, J., construing the form of the tax deed provided by the Charter of 1875, said, while the form might be applied to cases where the property was bid off by the city, "the tax deed will vary the form so as to state facts truly."

In Bender v. Dungan, 99 Mo. 126, where the statute, Section 224 (Laws of 1872, p. 130), provided that a deed to real estate forfeited to the State for taxes

should be made by the collector *as near as may be* in the form prescribed in the act, it was held that the form of deeds for such forfeited lands would "have to be added to, modified and altered in order to be adjusted to and embrace the requirements peculiar to section 224, under which deeds for forfeited lands are authorized."

In Allen v. Buckley, 94 Mo. 158, the court said, l. c. 160: "The deed shows upon its face that it includes six different tracts of land assessed to different persons, with the amount of the tax and judgment rendered against each tract. While it shows this, it fails to show that these tracts were each sold separately for the tax adjudged against it, and no other inference can be drawn from the deed than that all the tracts were sold together for the aggregate amount of tax, interest, cost, and *penalty*, against all the tracts. While it is provided by our statute that a purchaser may have as many tracts as he buys at a tax sale included in one deed, it also provides that each tract is only chargeable with the tax assessed against it. When more than one tract is included in the deed it should show, either expressly or by necessary implication, the sale of each tract separately for its own tax. For the reason, if for no other, that the deed does not show this, the court was justified in holding it to be invalid."

The same rule obtains in this case. Whether the different tracts belonged to the same or different owners, the charter required a sale of each lot separately for the taxes due on it. [Kansas City Charter, 1909, sec. 28, art. V.]

In State ex rel. v. Richardson, 21 Mo. 420, l. c. 421, the court said: "The law never contemplated that delinquent lands should be sold in the lump. A deed showing that lands were sold in this manner, could not be contradicted, and a purchaser would not be at liberty to prove that they were sold in the manner required by law."

(b) Learned counsel for appellants, however, deny that, properly construed, the tax deed here in question

on its face shows that both lots were sold for a lump
sum, because said deed recites that the sale was made
"in conformity with all the requirements. of the law in
    such cases," from which recital it may be infer-
General    red that .each lot was sold separately for the,
Recital.    taxes due. on it only.    This general recital was
also required to be made by the form, and the inference
from it that each lot was sold only for the taxes due on
it is not sufficient. What the charter requires is an ex-
press or affirmative statement to that effect on the face
of the deed. The inference from such general recital
cannot be substituted for the specific recital on that sub-
ject required by the Charter. [Hopkins v. Scott, 86 Mo.
140; Sullivan v. Donnell, 90 Mo. l. c. 282-3.]

(c) Learned counsel for appellants cite the follow-
ing cases in which it was held that a recital in a sheriff's
deed for land sold under judgment and execution for
taxes under the Back Tax Act, stating that several tracts
    were sold *in solido* for a lump sum, does not
Non-Judicial    render such deed void: Shelton v. Frank-
Sale.    lin, 224 Mo. 360; Rector v. Hartt, 8 Mo.
461; Bouldin v. Ewart, 63 Mo. 330; Wellshear v. Kel-
ley, 69 Mo. 343; and other cases in this State. They
were all cases of sales and deeds made by the sheriff un-
der regular judicial proceedings, where a much more
liberal construction of the acts and proceedings of of-
ficers is allowable than in a non-judicial sale for taxes,
as in this case. Such sales and deeds, as we have before
us, are always required to strictly conform to the pro-
visions of the law in order to be of any validity. [Ab-
bott v. Doling, 49 Mo. 302; Moore v. Harris, 91 Mo. l. c.
621; Gregg v. Jesberg, 113 Mo. l. c. 39; Meriwether v.
Overly, 228 Mo. l. c. 235, and other cases cited supra.]

We hold, therefore, that the tax deed in suit is void
on its face, for the reason that it shows the two lots were
bid in by and struck off to the City for the lump sum of
$38.27, and does not show that each lot was bid in and
sold separately for the amount of the taxes and costs due
on it.

II.   The above authorities, holding that the stat-
utory form of the deed must be modified, so as to tell
the truth and fit the facts in the particular case, also
sustain the charge in the petition that said tax deed was
void, because it failed to state that the taxes for which
the property was sold were special assessments
levied by the park board and the city council for
the maintenance and repair of parks and boule-
vards.   The charter itself does not authorize the collector
to sell any property for such delinquent park and boule-
vard assessments, but does provide (Sec. 33, Art. XIII,
Kansas City Charter, 1909):   "Every such assessment
shall be made and collected as provided by ordinance of
the Common Council, and the Common Council shall
have the power to provide penalties for the failure to
pay such assessment when due and may provide for the
sale of the property assessed to satisfy such assess-
ment."   In pursuance of this power, the council did pass
the ordinance set up in the answer and quoted in our
statement of the case, providing "that the laws and ordi-
nances governing   .   .   .   the sale for non-payment
of general taxes of the city shall *as far as practicable*
govern the   .   .   .   sale for non-payment of the spe-
cial assessment hereby levied."   Said ordinance further
provided that if such sale to enforce such assessment
"should be against the public policy or laws of the
State," it should be collected by suit.   Assuming that
the ordinance was valid and sufficient to authorize a col-
lector's sale and bidding in by the city, as in case of gen-
eral city taxes (which is not necessary to decide), we
hold, that the certificates of purchase and tax deed issued
in pursuance of any such sale, in order to conform to the
charter, as far as practicable, as required by said ordi-
nance authorizing such sale, should, at least, state that
such taxes were park and boulevard assessments and
that the lots were sold in payment of the same by au-
thority of the said ordinance.   The tax deed in this case
and the certificates of purchase, containing no such re-
citals, are, in our opinion, null and void.

*Special Taxes.*

III.  But it is strenuously argued by appellants' learned counsel that the Charter of Kansas City, 1909, Sec. 41, Art. V. provides that in any suit concerning the rights of the grantee in a tax deed "*executed substantially as provided in the preceding section,*" the person claiming adversely to the tax title must prove that the taxes were paid before sale, or that the property was not subject to taxation, or that it had been redeemed or tender made, in accordance with the charter by the person having the right of redemption. These provisions of said Section 41 have no application in this case, because, as we have seen, the tax deed was not "*executed substantially as provided in the preceding section,*" to-wit, Section 40. [Sullivan v. Donnell, 90 Mo. 1. c. 282.]  In other words, we hold that the provisions of Section 41, above mentioned, apply only to cases where the tax deed is valid on its face, which is not the case here.

<div style="margin-left:2em;">Facts to Be Proved.</div>

IV.  Furthermore, the recitals as to the kind of taxes for which the property was sold in said tax deed, being in the form required by the Charter of 1909, which form was taken from the Charter of 1875, which authorized no sales by the city treasurer under any circumstances except for delinquent *general city taxes,* must be construed to refer to general city taxes, which the evidence shows were all paid in this case, and for which the property was not sold.  For that reason also, said tax deed was void.

<div style="margin-left:2em;">General Taxes.</div>

V.  It is also contended by defendants that under said Section 41, the defendants should have had judgment for the amount they paid the city in taking up the certificates of purchase for the years 1913 to 1916, inclusive.  This position is not well taken, because said Section 41 only authorizes the recovery by the person claiming under an invalid tax deed of the amount of all taxes, assessments, etc., "*paid' by* the purchaser, his heirs or assigns, after the date of

<div style="margin-left:2em;">Reimbursement.</div>

the certificate of purchase.'' Here, the defendants *paid*
no taxes or assessments after the date of the certificates
of purchase under which the tax deed was issued, but
simply purchased certificates of purchase from the city
for the years 1913 and 1916, inclusive. It was shown
in evidence, that the plaintiffs redeemed from all such
sales by paying the proper amount to the city auditor
(which included interest at 12 per cent per annum) for
defendants, as the holder of such certificates, as required
by the city charter. The plaintiffs did pay into court
the amount with interest, which the defendant, B. L.
Hart, paid out for his certificate of purchase under the
sale of 1911 and for his tax deed, which was all plain-
tiffs were obligated to pay into court or to the defend-
ant, B. L. Hart, personally by said Section 41 of the
Charter.

VII.   It is also urged that a bill in equity cannot be
maintained if the said tax deed is void upon its face,
as, in such event, the plaintiffs have an adequate remedy

Void Deed:
Suit in Equity.

at law. The bill shows that the plaintiffs
were in possession; therefore, they had no
remedy by ejectment. It is well settled,
however, that equity will cancel a tax deed, although it
is void on its face as a cloud on the title. [Wilcox v.
Phillips, 260 Mo. 690; Pocoke v. Peterson, 256 Mo. 518.]
Besides, the allegations of the petition, and the prayer
for determination of title, brings this case within the
provisions of Section 2535, Revised Statutes 1909, con-
cerning suits to quiet title, which may be instituted by
any person claiming title, whether in possession or not,
against any other person claiming title, whether under
a deed void on its face, or void, in fact, for any reason.
We rule this point against appellants.

VIII.   The defense of laches set up by defendants
is also untenable. Dietrich Fadler did nothing to in-
duce the defendant, B. L. Hart, to buy the property at

Laches.

the tax sale. His mere failure to pay taxes and
redeem from the sale within five years, subjected

him to the loss of his property, if the tax sale and deed were valid, but not, if they were void, as in this case. If laches could be imputed to the property owner for merely failing to redeem or allowing his property to be sold for taxes, he would lose the title to his property, whether such tax sales and deeds were void or valid, which it would hardly be contended is the law. The return of the principal with 12 per cent interest per annum on all sums paid out for taxes by the holder of the invalid tax deed, which the city charter required, and which was done by plaintiffs, is all that a court of conscience could require in such cases.

There are other reasons urged by the learned counsel for plaintiffs, in their bill and brief, why said tax sale and deed were void, which, however, it is not necessary for us to determine.

The judgment of the lower court was right and is affirmed. *Brown and Ragland, CC.,* concur.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.