GEORGE M. HARTMANN v. E. H. OWENS, Appellant.

Division One, April 8, 1922.

1. **TAX SALE: Under Kansas City Charter: Lump Sales: Park Taxes.** Under the charter of Kansas City a city tax deed which includes more than one tract is void unless it shows on its face that each tract was sold separately for the taxes due on it, lump sales of several tracts or lots being void. Likewise, if property is sold at a city tax sale for park maintenance taxes the tax deed must show an ordinance authorizing such sale and the amount of park taxes for which it was sold, and if it does not on its face show those things it is void. [Following Voights v. Hart, 285 Mo. 102.]

2. ——: ——: **Re-offering: Bid in By City.** Where the tax deed shows that the property was bid in by the city, but fails to show that this was done after all the delinquent property had been offered for sale and that the City Treasurer had exercised his discretion to and did re-offer such tracts as he had passed at the first sale for want of bidders and that it was at said second or supplemental sale that the property was bid in by the City Auditor for the city, said deed is, under the Charter of Kansas City, void on its face; and particularly should such be the ruling where the evidence shows that the property was simply recorded as sold to the city during the progress of the first sale and before all the delinquent property had been offered for sale.

3. ——: **Defunct Corporation: Valid Transfer of Property to Pay Debts: Fraud.** The president of a corporation whose charter has been declared forfeited by the Secretary of State has a right, with the consent of its stockholders, to buy its properties by pay-

Hartmann v. Owens.

ing its debts, none of its creditors being thereby defrauded, and a deed made by such transferee carries the title. But even if the property were purchased or procured by fraud for the grantee in said deed, who was a creditor and who later conveyed to plaintiff, the defendant in a suit to quiet title and to cancel the void tax deeds under which he claims, cannot complain, since he was neither a stockholder nor creditor of the defunct corporation.

4. ———: ·———: ———: **Real Party in Interest.** The owner of the legal title is the real party in interest and can sue in his own name to quiet the title and to cancel void tax deeds by which the property has been conveyed to defendant. The fact that the property had belonged to a corporation whose charter has been forfeited and was, by consent of its stockholders, conveyed to its president for the purpose of paying its debts, and by him conveyed for a valuable consideration to plaintiff, does not make such president the real party in interest or require the suit to be brought in his name.

Appeal from Jackson Circuit Court.—*Hon. C. B. Burney,* Judge.

AFFIRMED.

*John B. Young* and *Dickinson & Hillman* for appellant.

(1) The finding is unsupported by the evidence and by the law. R. S. 1919, sec. 2262; Ottomeyer v. Pritchett, 178 Mo. 160; R. S. 1919, sec. 1155; Dickey v. Porter, 203 Mo. 1; Laws 1913, pp. 167-174; R. S. 1919, secs. 1544-1545; Bryan v. Miller, 28 Mo. 32; How v. Dorchester, 31 Mo. 349; Wheeler v. Reynolds Land Co., 193 Mo. 279; Laws 1917, pp. 230-236; Laws 1917, pp. 227-235; Campbell v. Laclede Gas Company, 84 Mo. 352; Charter of Kansas City, article 5; Peterson v. Larson, 225 S. W. 704; Brown v. Chaney, 165 S. W. 335. (2) The decree shows on its face that it is based or founded on supposed acts of the City Treasurer and City Auditor about which there was no evidence at the trial. (3) That the court erred in permitting plaintiff to introduce in evidence over defendant's objection thereto, a quitclaim deed from the trustees of the defunct Marlborough Realty Company, a corporation, to plaintiff, said quitclaim deed

never having been filed for record or recorded in this county, and not having been set out by plaintiff in his pleadings as being one of his sources of title to the property in controversy on which he relied. This is elementary. (4) The court erred in its finding because plaintiff is not the real party in interest and the action is not prosecuted in the name of the real party in interest, but that one B. Howard Smith is the real party in interest, as disclosed by the evidence. R. S. 1919, sec. 1155; Dickey v. Porter, 203 Mo. 1. (5) The court erred in trying this suit on the theory disclosed in the decree that the general powers of a court of equity were invoked, instead of on the theory adopted by the litigants that this is a statutory action to quiet title under Section 2535, Revised Statutes 1909. Peterson v. Larson, 225 S. W. 704; Brown v. Chaney, 165 S. W. 335. (6) The decree is not responsive to the issues made by the pleadings. Peterson v. Larson, 225 S. W. 704. Plaintiff has not pleaded or proven facts entitling him to equitable relief. Brown v. Chaney, 165 S. W. 337.

*Guthrie, Conrad & Durham* and *Hale Houts* for respondent.

(1) The decree and judgment were proper under the law and the evidence. (a) The court properly found that plaintiff acquired from and thru the Marlborough Realty Company all of its right, title and interest in the property and remained and was at the time of the trial the owner of the general title thereto. Plaintiff was the real party in interest. 30 Cyc. 78; Guerny v. Moore, 131 Mo. 668; Ely v. Porter, 58 Mo. 160; Swift & Co. v. Railroad, 149 Mo. App. 526. The conveyances in evidence transferred the title of the Marlborough Company to plaintiff. Smith v. Dirckx, 283 Mo. 198; Laws 1913, p. 169, 170; Laws 1917, p. 233; Sec. 9816, R. S. 1919; Claflin v. Dodson, 111 Mo. 195; Burke v. Adams, 80 Mo. 504; Wheeler v. Land Co., 193 Mo. 279. (b) The tax deeds in question could be attacked both for irregularities appearing on their face and for irregularities occurring in the sale and other steps upon which they were based. Voights v. Hart, 226 S. W. 248; Abbott v. Lindenbower,

42 Mo. 162; Roth v. Gabbert, 123 Mo. 29; State ex rel. v. Atkinson, 271 Mo. 242; Kinney v. Forsythe, 96 Mo. 419. (c) Plaintiff's petition was sufficient to invoke the relief asked for and the tender and deposit under the decree were sufficient. Yeaman v. Lepp, 162 Mo. 72; Sec. 12956, R. S. 1919; Kansas City v. Field, 270 Mo. 500; Marigold v. Bacon, 249 Mo. 48; Wilcox v. Philips, 260 Mo. 690; Pocoke v. Peterson, 256 Mo. 518. (d) The relief was not barred by laches. Voights v. Hart, supra; Williams v. Sand, 251 Mo. 147; Myers v. DeLisle, 259 Mo. 506; Fleming v. Wilson, 277 Mo. 579; Rutter v. Carrothers, 223 Mo. 640. (e) The tax deeds and the procedure upon which they depended were invalid and void for all the reasons found in the decree. Kansas City Charter 1909, secs. 26, 27, 28, 29, 30, art. 5, and sec. 33, art. 13; Allen v. Buckley, 94 Mo. 160; Meriwether v. Overly, 228 Mo. 235; Gregg v. Jesberg, 113 Mo. 139; Moore v. Harris, 91 Mo. 621; Abbott v. Doling, 49 Mo. 302; Skinner v. Williams, 85 Mo. 494; Sullivan v. Donnell, 90 Mo. 282; Bender v. Dungan, 99 Mo. 126. (2) The quitclaim deed from the officers and directors of the Marlborough Realty Company, as trustees, was properly admitted in evidence. (a) The recording of it was unnecessary so far as defendant was concerned. Givens v. Marbut, 259 Mo. 232; Cape Road Co. v. Renfroe, 58 Mo. 272. (b) It was not necessary for plaintiff to plead his evidence of title; the allegation of the petition that fee simple title was in plaintiff was sufficient. Spore v. Ozark Land Co., 186 Mo. 656.

SMALL, C.—Suit to quiet title and cancel tax deeds as cloud on title. The amended petition alleges that plaintiff is the owner of lots 35, 36, and 37 of Marlborough Heights Resurvey and lot 895 of Marlborough Heights, in Kansas City, Missouri. That defendant is grantee in two city tax deeds executed for said property by said city, one dated October 22, 1918, and one dated June 30, 1919, for the taxes of 1912; that both said deeds are void because they were not executed in form required by the charter and ordinances of said city; that at the

tax sale said lots were not separately offered for sale; that the pretended sale was made when there were no bidders present and at a time when there was no authority to make a sale; that the sale was made to Kansas City as a competitive bidder without its being made to first appear that the lots in question could not be sold to others; that said sale was made in part for the purpose of collecting delinquent park taxes, for which there was no authority of law. That the last deed purports to be made in correction of the first, for which there is no authority of law. Many other specifications of failing to comply with the law in said tax sale are made in the petition which it is not necessary to notice.

The petition further alleged that plaintiff had deposited with the clerk of the court $26.90, being the amount paid by the defendant at such tax sale, with twelve per cent interest per annum thereon from the date of said sale so far as plaintiff was advised, and that if said sum was insufficient plaintiff was willing to pay defendant the balance due for taxes, etc., paid out by him. The prayer was for the court to cancel said tax deeds and decree that plaintiff was the owner of said property free and clear of the lien thereof and for general relief.

The answer put the allegations of the petition in issue and set up that plaintiff was not the owner of said property, because he claimed under certain deeds, one a sheriff's deed under execution upon a confessed judgment against the Marlborough Realty Company, and another executed by said company after its charter had been forfeited for failure to make reports to the Secretary of State as required by law. That said company before and its trustees after its charter was forfeited, were guilty of laches in that they made no effort to pay any taxes on said property for more than six years, and had abandoned said property. That plaintiff is not the real party in interest, but that he and one B. Howard Smith are in collusion to acquire the property of said defunct corporation, in fraud of the rights of the stockholders and creditors of said company, and that all their transactions mentioned in the answer were for that purpose.

The answer also sets up for affirmative relief, alleging that defendant is the owner of said property, that plaintiff claims some interest therein through said quit-claim deeds from the Marlborough Realty Company. That defendant purchased said land in good faith without notice of any defects in the title; that plaintiff's deeds are a cloud on his title. The prayer is for the court to try and determine the rights of the parties and if the court finds the defendant is the sole owner, to bar plaintiff forever from claiming any title thereto. If the court should find against defendant, to adjudge plaintiff to pay the full amount defendant paid at said tax sale and for all subsequent taxes, general and special, with twelve per cent interest thereon. The reply admitted plaintiff claimed under said deeds, but denied they were fraudulent or invalid or that plaintiff had any title.

Said two tax deeds were introduced in evidence by plaintiff, and they were dated as stated in the petition and were identical in form except as shown by the words in italics in the following copy of the second deed. The words in italics were omitted from the first deed, but were contained in the second:

"City Tax Deed.

"Know all men by these presents, that, whereas, the following described real property, viz: Lots 35 and 36 and 37 Marlborough Heights (Resurvey of lots 906 to 1005 inclusive). Further described as lots 35, 36, 37 Resurvey of Lots 906 to 1005 inclusive of Marlborough Heights, situated in Kansas City, in the County of Jackson, the State of Missouri, was subject to taxation for the year A. D. 1912; and whereas the taxes assessed upon the said real property for the year aforesaid remained due and unpaid at the date of the sale hereinafter mentioned; and, whereas the City Treasurer of said Kansas City did on the 22nd day of November A. D. 1912, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Monday of November A. D. 1912, the first day on which the annual tax sale began, and continued *on each successive secular*

*day* to and including said first mentioned day, expose to public sale, *separately and in consecutive order each lot as aforesaid,* at the office of the city treasurer, in Kansas City aforesaid, between the hours of ten o'clock in the forenoon and five o'clock in the afternoon, in conformity with all the requirements of the law in such case made and provided *separately offer for sale and did separately sell,* the real property above described, for the payment of taxes, penalty, and costs then due and unpaid upon said real property; and, whereas, at the place aforesaid, Kansas City. (a municipal corporation), of the County of Jackson and State of Missouri, having offered to pay the sum of twelve dollars and twenty cents, being the whole amount of taxes, penalty and costs then due and remaining unpaid on said real property for all of Lots 35 and 36 and 37 Marlborough Heights (Resurvey of Lots 906 and 1005 inclusive) further described as Lots 35, 36, 37, Resurvey of Lots 906 to 1005 inclusive of Marlborough Heights and Lot 895 Marlborough Heights, and payment of said sum having been by said Kansas City as aforesaid made to said city treasurer, the said property was stricken off to said Kansas City as aforesaid at that price, and, whereas, the said Kansas City (a municipal corporation) by its auditor did on the 8th day of October A. D. 1918 duly assign the certificate of purchase of the property as aforesaid, and all its right, title and interest to and in said real property to E. H. Owens of the County of Jackson and State of Missouri; and, whereas, five years have elapsed since the first day on which the annual tax sale began, and the said property has not been redeemed therefrom, as provided by law, and whereas the city treasurer of Kansas City aforesaid did, at least four months before the expiration of the time limited for redeeming said real property, publish a notice as required by law in such case made and provided, that unless said real property was redeemed on or before the day limited therefor, it would be conveyed to the purchaser or his heirs or assigns.

"Now, therefore I, Ben Jaudon, City Treasurer of Kansas City, county and state aforesaid, for and in con-

sideration of the sum of fourteen dollars and twenty-six cents, taxes, penalty and costs due on said real property for the year A. D. 1912, to the City Treasurer of said Kansas City paid as aforesaid, and by virtue of the law in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said E. H. Owens his heirs and assigns, the real property last hereinbefore described, to have and to hold unto him, the said E. H. Owens his heirs and assigns forever, subject, however, to all rights of redemption provided by law.

"In witness whereof, I, Ben Jaudon, City Treasurer of Kansas City, as aforesaid, have hereunto subscribed by name and affixed the corporate seal of Kansas City, this 22nd day of October, A. D. 1918.

"(*This deed is made to correct deed between parties named herein, given under date of October 22, 1918.*)"

The evidence of plaintiff was contradictory as to whether the lots were sold for a lump sum or sold separately for the taxes due on each. But the evidence was all to the effect that the City Treasurer did not first offer all the tracts upon which taxes were delinquent, and then re-offer any tracts passed for want of bidders, and that the City Auditor did not thereupon bid off any such tracts so passed and unsold for want of bidders for the city. But the evidence did show that the sale to the city was made simply by recording all property as sold to the city, which was not sold to others when the delinquent property was first offered for and during its sale and not thereafter, and that there was no subsequent offer of said unsold property.

The evidence also showed that the property in question was sold not only for the general city taxes of 1912, but also for the park maintenance taxes of that year. It also showed, without dispute, that the Marlborough Realty Company (which owned said property), of which B. Howard Smith was president and one of the five or six stockholders and directors, was indebted to the Commerce Trust Company in some $4500 and also owed taxes on

its property; that by the consent of all the stockholders, said Smith agreed to pay off its indebtedness if the company would transfer its property to him, and to carry out this agreement the Commerce Trust Company took judgment by confession against the company and sold out its property under execution and had it bought in by one of its subsidiary companies, which then transferred it to the plaintiff for Smith—Smith paying the debt to the Trust Company. The Marlborough Company through Smith, its president, attested by its secretary with the corporate seal affixed, also executed a deed to plaintiff. These two deeds to plaintiff were dated, respectively, February 12th, 1919, and February 11th, 1919. Also a deed to plaintiff dated January 25th, 1919, for a recited consideration of $4600, was made by all the directors of the company, as trustees. In all, in payment of the debt of the Marlborough Company to the Trust Company and taxes on the property, said Smith paid out in the neighborhood of $7000. There was no other indebtedness of the company. On December 2nd, 1913, the charter of said company was forfeited by the Secretary of State for failing to make reports as required by the statute. On January 18th, 1919, the Secretary of State undertook to rescind the forfeiture and issued a certificate to that effect. The defendant did not show any title or claim to the property except by virtue of said tax deeds. No instructions were asked or given, and the court below found for the plaintiff, that he was the owner of the property, and declared said tax deeds of defendant void, for the reasons stated in the petition above set forth and other reasons. After being refused a new trial, the defendant appealed to this court.

I. This court has recently held, in the case of Voights v. Hart, 285 Mo. 102, 226 S. W. 248—a case arising under the charter of Kansas City—that a city tax deed, such as the ones here in controversy, is void when it includes more than one tract, unless it shows on its face that each tract was sold separately for the taxes due on it, and that

Tax
Deed.

lump sales are void. Also that if property is sold at such city tax sales for park maintenance taxes, the deed must show an ordinance authorizing such sale, and the amount of such park taxes for which it was sold. So that the first deed in question here was void under the Voight Case, for the reason that it showed the lots were sold for a lump sum due on all and not separately, for the taxes due on each lot, and the last, or deed of correction, as well as the first deed, was void because the property was also sold for park maintenance taxes, which fact was not stated in said deeds. Both said tax deeds show that the property was bid in by the city, but fail to show that this was done after all the delinquent property had been offered for sale, and the City Treasurer had exercised his discretion to and did re-offer such tracts as he had passed at the first sale for want of bidders, and that it was at such second or supplemental sale that the property was bid off by the City Auditor for the city. Furthermore, the evidence shows that the property was simply recorded as sold to the city during the progress of the first sale and before all the delinquent property had been offered for sale. The City Charter, on this subject, provided as follows, Section 30, Article 5: "When all of the tracts upon which delinquent taxes have been offered for sale, the city treasurer may, in his discretion, re-offer any tract or tracts which have been passed for want of bidders. If any tract or parcel of property cannot be sold for the amount of taxes, penalty and costs thereon, the city auditor shall bid it off for the city for such amount."

Therefore under the rule announced and applied in Voights v. Hart, and cases therein cited, Skinner v. Williams, 85 Mo. l. c. 494; Sullivan v. Donnell, 90 Mo. 282, Bender v. Dungan, 99 Mo. 126, both of said tax deeds were void, on their face for not reciting the facts showing a compliance with the terms of the charter as to the bidding in of the said property by the city, and void in fact because said provisions as shown by the evidence were ignored in making the sale to the city. Of course the defendant who took simply an assignment of the

city's bid, stands in its shoes and has no greater rights than the city acquired under its illegal bid. So that we hold that both said deeds were void for the reasons above indicated, and we do not pass on other objections to the validity thereof made by the respondent's learned counsel.

II. But appellant says that the deeds to plaintiff from and through the Marlborough Realty Company were void and also made in fraud of the creditors and stockholders of said company, and therefore plaintiff shows no prima-facie title. We think this point also must be ruled against appellant. The lower court expressly found

Defunct Corporation. plaintiff was the owner and there was abundant evidence to sustain such finding. B. Howard Smith had a right to buy the property by paying the Marlborough Company's debts, as he did do with the consent of the stockholders, and there were no creditors defrauded thereby, because there were no other creditors except the Commerce Trust Company which Smith paid off in full. Even if the property had been purchased or procured by fraud for said company, defendant could not complain, as he was neither a stockholder nor creditor, nor in any way interested in said company. It is immaterial whether said deeds or any of them were valid or invalid, they were made and taken with the consent and agreement with all of the stockholders and directors of said company for the purpose of vesting title in the said Smith or in the plaintiff for him, and neither the said company nor its stockholders could set them aside without offering to pay and return to Smith the amount he had paid out for its debts and for taxes on said property. If the company's deed to plaintiff failed to convey the title because the company was defunct, plaintiff took the title by his deed from the directors as trustees.

We therefore rule that plaintiff has shown a prima-facie legal title to the real estate in dispute and is entitled to call in question the title of defendant and if it is void, to have it so declared.

III.  But it is said that it is admitted that plaintiff holds the title for said Smith and that Smith paid all the purchase price for said property.  Therefore, it is urged by appellant that Smith was the real party in interest and that he alone could maintain this suit in his own name.  We do not think this contention is tenable.  It is well settled that plaintiff having the legal title will be deemed the real party in interest and can sue in his own name in this proceeding.  [30 Cyc. 78 and cases cited.]

*Real Party in Interest.*

IV.  As to the claim that plaintiff and those under whom he claims are barred by laches, that defense must also be ruled against defendant, on the authority of the Voights Case, supra, where the same defense was made and held without merit.

*Laches.*

We find no error in the trial of the case affecting its merits and therefore the judgment below should be affirmed.  It is so ordered.  *Ragland, C.,* concurs; *Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court.  All of the judges concur.