## YOUNG v. HUDSON, *Plaintiff in Error*.

1. **Attachment**: PLEA IN ABATEMENT: WRIT OF ERROR. Exceptions taken, on the trial of a plea in abatement in attachment, can only be reviewed on appeal taken after final judgment on the merits, and not by writ of error.

2. **Practice**: BANK CASHIER. In the absence of any showing limiting his power, a bank cashier, as such, may collect a note due his bank, and may to that end bring suit upon it.

3. ———: ASSIGNEE OF CHOSE IN ACTION. An assignee of a chose in action, arising out of contract, may sue upon it in his own name, though the title was passed to him only for the purpose of collection.

4. **Appellate Practice.** An error in admitting testimony purely cumulative, upon a trial by the court, does not furnish ground for reversal where the finding for plaintiff is abundantly sustained by other unchallenged evidence, and the defendant has offered no testimony tending to establish any defense.

*Error to Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

THE action is based on three demands, stated as separate counts, two of which are upon promissory notes made by defendant to a bank, and the third is upon an account for merchandise sold, all alleged to have been regularly transferred to plaintiff.

The proceedings began by attachment based on several grounds.

There were two trials; the first, on the defendant's plea denying the grounds of attachment, the second, on the merits. Both resulted in favor of plaintiff.

After the trial of the issue in abatement, defendant moved for a new trial, which being denied, he filed exceptions and took an appeal to this court. No disposition of the appeal appears to have been made, further

than may be inferred from the subsequent trial of the cause on the merits at a later term. Defendant then moved for new trial and saved exceptions to the adverse ruling on that motion. Afterwards he sued out this writ of error.

*Wooldridge & Daniel* for plaintiff in error.

(1) Plaintiff, as cashier of the bank of East Lynne, could not transfer said notes to himself; at a sale of the notes made by him for his principal, the bank, he could not become the buyer. *Bennett v. Roofing Co.*, 19 Mo. App. 340; *Lee v. Smith*, 84 Mo. 304, 309; *Ward v. Davidson*, 89 Mo. 445; *Wright v. Dannah*, 2 Camp. 203; *Rochester v. Levering*, 23 Cent. Law Jour. 130, and note to 136, and cases cited; Story on Agency [5 Ed.] chap. 11, secs. 9, 210, 211. (2) The records of the company, incorporated as the bank of East Lynne, are the best evidence of the acts of the directors, and the court erred in admitting secondary evidence of their acts. (3) The court erred in admitting in evidence the account sued on in the third count in petition. It was not even verified by affidavit. It is difficult to perceive on what principle it could be made competent evidence against the defendant. Furthermore, the assignment of it to plaintiff was without consideration, and was a mere pretense and sham, the assignors, being the owners, and entitled to whatever sum might be collected on it, were the real parties in interest. The court erred in refusing declarations of law numbered 4, 5 and 6. R. S., sec. 3462; *Ferguson v. Ham*, 27 Mo. 249; *Hutchins to use v. Blackford*, 35 Mo. 285; *State to use v. Patton*, 42 Mo. 530; *Nanson v. Jacob*, 93 Mo. 332, 347.

*Railey & Burney* for defendant in error.

(1) A judgment against defendant on a plea in abatement is not a final judgment from which an appeal

will lie. R. S. 1879, sec. 439; *Davis v. Perry*, 46 Mo. 449; *Jones v. Snodgrass*, 54 Mo. 597; *Jones v. Evans*, 80 Mo. 567. (2) The defendant is not entitled to a review of the proceedings on the trial of plea in abatement. (3) On the trial of a plea in abatement, where the affidavit charges the defendant with fraudulently conveying his property, or effects, so as to hinder or delay his creditors, it is not necessary to prove that the transferee participated in the fraud. Proof of the fraudulent intent of the debtor is sufficient. *Enders v. Richards*, 33 Mo. 598; *Albert v. Besel*, 88 Mo. 154; *Gordon v. Ritenour*, 87 Mo. 54; *Johnson v. Sullivan*, 23 Mo. 474, 482; Waples on Attachment, p. 57; Bump on Fraud Con., pp. 188–9. (4) Instruction number 2, on the part of plaintiff, although similar to one criticised by this court in *Albert v. Besel*, 88 Mo. 150, is correct as an abstract proposition of law, and is not sufficient error to justify a reversal of this cause. *Hopkins v. Seivert*, 58 Mo. 201; *Burgert v. Borchert*, 59 Mo. 83, 84; *Dunn v. Henley*, 24 Mo. App. 579. (5) Under the testimony and admissions of the defendant himself, the jury should have been instructed to find for plaintiff. Authorities under proposition 3, *supra*.

BARCLAY, J.—Plaintiff objects to the consideration of defendant's exceptions at the trial on the plea in abatement, insisting that they are not properly subject to examination upon writ of error.

Our statute (R. S. 1879, sec 439) regulating such proceedings is not altogether free of ambiguity respecting the proper time and effect of steps to be taken by a defendant for a review. But bringing into view the law previously in force, as interpreted by this court, and endeavoring to give effect to the apparent purpose of the present enactment, we consider its fair import to be that, upon a finding for plaintiff on the attachment issue, the cause shall proceed to judgment on the

merits (as indicated in the first part of the section), without prejudice to defendant's right to have his exceptions to the proceedings on the plea in abatement reviewed upon an appeal taken after the latter judgment.

Looking at the section in its entirety, we think the law-makers did not intend by it to declare that the proceedings in the case should be suspended to await the result of an appeal on the plea in abatement, when the finding thereon was for the plaintiff. Such a delay might prove entirely unnecessary. Should defendant succeed upon the merits, that disposition of the cause would ordinarily be as satisfactory to him as a finding in his favor on a preliminary issue in abatement. It would obviate the need of reviewing, at his instance, the earlier exceptions. So the legislature has provided that "the cause shall proceed" when plaintiff prevails on that plea. It has further enacted that the proceedings upon that plea shall be reviewable by appeal. The effect of this is to limit the time within which there may be such review, since the right of appeal, by our laws, must be exercised within a briefer period than that allowed for bringing a writ of error.

It was plainly within the bounds of legislative discretion to determine the limit of time, and the mode for reviewing such proceedings. The law-makers saw fit to designate appeal as the proper mode, and the courts cannot lawfully enlarge their meaning so as to include another means of review, available for a much longer period.

We have been greatly aided in reaching this conclusion by the views of the St. Louis court of appeals in *Duncan v. Forgey*, 25 Mo. App. 310. The construction then placed on this statute we consider the reasonable, natural and practical one, and entirely approve.

We hence sustain the plaintiff's objection to reviewing the proceedings upon the plea in abatement.

II.   But the writ of error is efficient to secure an examination of the defendant's assignments of error relating to other parts of the record of the trial court.

Upon the hearing on the merits, it appeared that the negotiable promissory notes, sued on, had been endorsed by plaintiff, as cashier of the bank (the payee), and in its name, to himself, individually.   Defendant objected to these endorsements on the ground that plaintiff could not lawfully make them.

In the absence of any showing limiting his power, a bank cashier, as such, may certainly collect a note due his bank, and may adopt such a measure to that end as bringing suit upon it.   He certainly has implied power to endorse such paper for collection, and a holder for collection has sufficient title to maintain an action. These principles are well settled, and the defendant's objection was, therefore, properly overruled.

Later on he objected to the sufficiency of the plaintiff's evidence of the assigned account which formed the basis of another of the causes of action.

The assignment was regular and formal.   There was evidence of defendant's admission of the original indebtedness it exhibited.   But no consideration for its transfer to plaintiff appeared.   The account was evidently assigned to him to collect for the use of the assignors.   That did not preclude a recovery.   An assignee of a chose in action, arising out of contract, may sue upon it in his own name, though the title was passed to him only for the purpose of collection.

Some minor objections are urged to other rulings, but they relate to particulars of the testimony merely cumulative to the main proof supporting plaintiff's case.   They may be disposed of by the remark that, under our statutes governing appellate procedure, an error in admitting testimony purely cumulative, upon a trial by the court, does not furnish ground for reversal, where, as in this instance, the finding for

plaintiff is abundantly sustained by other unchallenged evidence, and the defendant has offered no testimony tending to establish any defense. (R. S. 1879, secs, 3569, 3775.)

The assignments of error are not sustained.

The judgment is affirmed. SHERWOOD and BRACE, JJ., concurring; RAY, C. J., and BLACK, J., absent.