Raymond John JACOBS, Plaintiff-Appellant,

v.

Norma L. FODDE, Defendant-Respondent.

No. 33607.

St. Louis Court of Appeals, Missouri.

Sept. 22, 1970.

Heneghan, Roberts & Godfrey, W. Munro Roberts, Jr., George F. Kosta, St. Louis, for plaintiff-appellant.

Holtkamp & Amelung, St. Louis, for defendant-respondent.

DOWD, Judge.

This case deals with the issue of whether a certain agreement and transaction constitutes an assignment so as to bar an action by the plaintiff for property damages where the plaintiff's property damages have been paid by his insurer.

As a result of an automobile collision, plaintiff sued defendant in two counts. Count I was for personal injuries; count II for property damages to an automobile in the amount of $1,675.00. Defendant in her answer pleaded a release. Defendant also filed a motion to strike the property damage claim as set out in count II of the petition. This motion contended that:

"1. Said claim was covered by a policy of collision insurance with the Zurich American Insurance Company, which paid $1,675.00 to plaintiff for said claim. Said company is subrogated to the rights of said claim * * *.

"2. The same Zurich American Insurance Company made payment to defendant in settlement of a counterclaim and obtained dismissal of said counterclaim, * * *.

"3. The cause of action owned by Zurich American Insurance Company is barred by estoppel and therefore, the allegation of damage to plaintiff's automobile should be stricken or at least confined to that amount which might be personally possessed or claimed by plaintiff, exclusive of any amounts paid by Zurich American Insurance Company."

A trial was held before the court to test the release. The release dated three days after the accident was for $2,500. It was signed by plaintiff in the hospital. Plain-

tiff testified that he did not remember signing the release and that the next thing he remembered after the accident was when he woke up in the hospital a week or so later. The court held the release invalid and the insurer of defendant then settled plaintiff's claim for personal injuries as set out in count I.

At the time the court held the release for personal injuries invalid it also sustained defendant's motion to strike the property damage allegation of count II for the stated reason:

"* * * that plaintiff is not the real party in interest and for the further reason that Zurich-American Insurance Company is found to be the real party in interest in the claim stated in Count II * * * the Court finds that said Zurich-American Insurance Company is estopped to prosecute their subrogated interest in the plaintiff's property damage * * * and that by making payment to defendant on her counterclaim the said Zurich-American Insurance Company has waived its rights to have plaintiff prosecute the claim for property damage as set out in Count II."

Later the court set aside its order striking the property damage claim and permitted additional evidence to be submitted. However, on July 10, 1969 the court again sustained defendant's motion to strike the property damage claim. Plaintiff appeals.

The evidence considered by the court in sustaining this motion consisted of the following: a court memorandum filed on August 8, 1967, whereby plaintiff's present attorney of record who was the attorney for plaintiff's insurer, entered his appearance as "Amicus Curiae" for the "* * * Purpose of Defendant's Motion to Strike Par. 2 of Plaintiff's Petition, * * *" and stipulated in this memorandum "* * * that Zurich Insurance Co. had a policy of liability and Collision Insurance on Plaintiff's automobile and made payment of $300.00 to Defendant on her counterclaim under the liability coverage of its policy"; a sample copy of an insurance policy stipulated by the parties to be a copy of the policy of insurance issued by the Zurich-American Insurance Company to plaintiff Raymond John Jacobs; and, a letter dated February 24, 1965, from plaintiff's prior attorney of record, to plaintiff's present attorney of record relative to the preparation of the following Agreement between plaintiff and his insurer, Zurich-American Insurance Company: *

## "AGREEMENT

"This agreement entered into this 24 day of August, 1965, by and between The Zurich-American Insurance Company, hereinafter referred to as First Party and Raymond John Jacobs, hereinafter referred to as Second Party.

"WHEREAS, First Party issued a certain policy of insurance to Second Party, said policy covering collision damage to a 1965 Valiant automobile and designated as policy number MM5–61945, and;

"WHEREAS, said policy of insurance was in full force and effect on November 14, 1964 when Second Party was involved in an automobile collision with another automobile operated by Mrs. Robert Fodde, and;

"WHEREAS, Second Party alleges he sustained serious and permanent injuries as a result of the aforesaid collision and required hospitalization, and,

"WHEREAS, while Second Party was in a hospital recovering from his aforesaid injuries, he purportedly signed a document entering into an alleged compromise and settlement of any and all claims, including any claim of damage to his said 1964 Valiant automobile with the said Mrs. Robert Fodde and her insurance carrier, the St. Paul Mercury Insurance Company, and in consideration of said compromise and set-

---

* Hereinafter sometimes referred to as Zurich.

tlement, the Second Party received from Mrs. Robert Fodde and St. Paul Mercury Insurance Company a draft in the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) ; and

"WHEREAS, Second Party acknowledged that if the aforesaid purported compromise and settlement is legally valid, Second Party has no claim against First Party under policy number MM5–61–945, and;

"WHEREAS, Second Party intends to institute legal action against Mr. Robert Fodde as a result of the injuries Second Party received in the aforesaid collision of November 14, 1964 and will thereby contest the validity of the aforesaid compromise and settlement, and;

"WHEREAS, First Party and Second Party agree that the monetary damage to Second Party's aforesaid 1964 Valiant automobile as a result of the aforesaid collision was ONE THOUSAND SIX HUNDRED AND SEVENTY-FIVE DOLLARS ($1,675.00), and;

"WHEREAS, First Party is willing to pay ONE THOUSAND SIX HUNDRED SEVENTY-FIVE DOLLARS ($1,675.00) to Second Party subject to Second Party's successfully setting aside the alleged compromise and settlement between Second Party and Mrs. Robert Fodde and St. Paul Mercury Insurance Company;

"NOW THEREFORE in consideration of First Party paying Second Party ONE THOUSAND, SIX HUNDRED SEVENTY-FIVE DOLLARS ($1,675.00), Second Party agrees to institute legal proceedings against Mrs. Robert Fodde to obtain a final judicial determination of the validity of the alleged compromise and settlement between Second Party and Mrs. Robert Fodde, and Second Party further agrees that in the event the aforesaid compromise and settlement is determined to be valid or determination of its validity is not made, then Second Party agrees to return to the First Party the ONE THOUSAND, SIX HUNDRED SEVENTY-FIVE DOLLARS ($1,675.00). Second Party further agrees that simultaneously with the execution of this agreement he shall turn over to First Party the draft issued by St. Paul Mercury Insurance Company which he received pursuant to the alleged compromise and settlement and agrees First Party may retain possession of said draft until there is a final deposition (sic) of his claim against Mrs. Robert Fodde.

"On this 24 day of August, 1965 we do hereby affix our signatures.

/s/   Raymond John Jacobs
─────────────────────
Raymond John Jacobs

ZURICH-AMERICAN
   INSURANCE COMPANY

/s/   By R. Scamer"
─────────────────────

In answer to interrogatories, plaintiff stated that Zurich-American Insurance Company had paid him $1,675.00 for property damages and he had signed the Agreement in connection with the payment.

Did the court err? Section 507.010 RSMo. 1969, V.A.M.S., requires that "Every action shall be prosecuted in the name of the real party in interest * * *." If the Agreement was an assignment, as is contended by defendant, the plaintiff was not the real party in interest, and the court was not in error. However, we hold the Agreement was not an assignment and the court was in error.

The fact that plaintiff has received full payment for his damages from some third party does not, in and of itself, destroy the legal ownership and the right to maintain the action. The test is not whether the claim has been paid in full or in part, but whether the claim has been assigned. Hayes v. Jenkins, Mo.App., 337 S.W.2d 259[4–6]. Nor can it be inferred solely from the fact of payment that there has been an assignment of the cause of action itself. Gould v. Chicago, B. & Q. R. Co., 315 Mo. 713, 290 S.W. 135, 141.

However, if there has been an assignment of the property damage claim it is equally true that the claimant would no longer have any interest in it and could not maintain an action based on it. Steele v. Goosen, Mo., 329 S.W.2d 703, 711; General Exchange Ins. Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396; Ewing v. Pugh, Mo. App., 420 S.W.2d 14.

Defendant contends that the Agreement set out in this opinion constitutes an assignment. We disagree.

The purpose of this Agreement was to test the validity of the release which the defendant's insurer obtained from plaintiff three days after the accident. The release settled all claims including the personal injuries and the property damage claim which is the subject matter of count II of the petition. By the Agreement, plaintiff and Zurich agreed that if the release was valid, the plaintiff had no claim for property damages against Zurich and would return the $1,675.00 to Zurich. This for the obvious reason that plaintiff had settled the property damage claim by the release.

The court, as previously noted, found the release to be invalid. Plaintiff's petition was then in full vigor with count I for personal injuries and count II for property damages. Defendant's insurer then settled the personal injury claim (count I) but left count II pending.

It is clear that this Agreement was not an assignment. Nowhere in the Agreement did the words "assign" or "assignment" appear; nor was there any provision in the Agreement that the property damage claim was satisfied and released. It was strictly an Agreement to test the validity of the release. It is also clear from this Agreement that plaintiff retained legal title to the claim for property damages and was the real party in interest and had a right to maintain this action. Halferty v. National Mut. Cas. Co., Mo.App., 296 S.W.2d 130 [2].

A similar type of Agreement was before this court in Kossmehl v. Millers Nat. Ins. Co., Chicago, Ill., 283 Mo.App. 671, 185 S.W.2d 293 where the insured unknowingly had two insurance policies covering her ring which she lost and which was valued at $1,400. Both policies provided that additional insurance coverage had to be endorsed on the policy. Both insurance companies denied the claim. The Dubuque Company, one of the insurers, then made demand on defendant insurer for pro rata payment under defendant's policy. Defendant refused and the Dubuque Company settled with plaintiff under a loan agreement. The agreement provided that the Dubuque Company advance $1,200 to plaintiff as a loan, repayable only to the extent of any net recovery plaintiff might thereafter make against defendant insurance company and plaintiff was obligated to prosecute the claim against the defendant insurance company with the prosecution of the suit under the exclusive direction and control of the Dubuque Company.

In the trial court in Kossmehl, supra, the defendant insurance company pleaded the defense that plaintiff had been paid for her loss and had assigned her claim to the Dubuque Company and that plaintiff was not the real party in interest. A judgment for $750 for plaintiff was affirmed. Defendant contended on appeal that the transaction under which the Dubuque Company paid $1,200 to plaintiff was not a loan but was payment and that plaintiff having received satisfaction in full, plaintiff had no cause of action against defendant. This contention was rejected. The court held this to be a loan agreement and not a repayment of her loss. However, even if the Agreement here were to be interpreted as constituting payment, the plaintiff would still have a right to maintain the action for property damages because the plaintiff retained legal title to the claim and there was no assignment of the property claim. Hayes, supra.

The court in Kossmehl pointed out that loan agreements of this kind have been

approved time and again in cases where carriers and warehousemen who have been sued have sought to avail themselves of insurance carried by shippers and bailors with the leading case being Luckenbach v. W. J. McCahan Sugar Ref. Co., 248 U.S. 139, 39 S.Ct. 53, 54, 63 L.Ed 170, 1 A.L.R. 1522.

Our holding that the plaintiff is the real party in interest and had a right to maintain this action decides this appeal and makes it unnecessary to discuss the contention of estoppel in defendant's motion for the reason that the estoppel defense is based upon Zurich being the real party in interest.

Therefore, the order of the trial court in sustaining defendant's motion to strike count II of plaintiff's petition is reversed and the cause is remanded for adjudication of count II.

WOLFE, P. J., and, BRADY, J., concur.