For the reasons herein stated, the judgment is accordingly affirmed.

All concur.

**STATE of Missouri ex rel. BARTLETT AND COMPANY, GRAIN, Relator,**

v.

**Honorable Hereford A. KELSO, Judge, Twenty-Eighth Judicial Circuit, State of Missouri, Respondent.**

**No. KCD 26438.**

Missouri Court of Appeals, Kansas City District.

Sept. 4, 1973.

F. Philip Kirwan, Richard W. Mason, Jr., Kansas City, for relator; Margolin & Kirwan, Kansas City, of counsel.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is an original proceeding in prohibition, wherein relator seeks to prohibit respondent from dismissing its petition to recover Fifteen Thousand Nine Dollars and Fifty Cents ($15,009.50) claimed owed by James Tiona, Sr. on a debit commodity futures trading account, unless relator joins American Automobile Insurance Company (hereinafter referred to as insurer) as a "party-plaintiff". A preliminary rule was

issued and the matter now comes up for decision as to whether the rule should be made absolute.

The order entered by respondent, which generated this proceeding, recited that insurer was "an indispensable party" to the action asserted by relator, as plaintiff, in its petition against James Tiona, Sr. The record before this court is somewhat terse, at best, but the following facts, pertinent to resolve the issue presented, reach daylight. The insurer, prior to the time relator brought suit against James Tiona, Sr., under a policy of insurance issued to relator providing coverage for losses resulting from dishonest acts of relator's employees, "loaned" relator Nine Thousand Eight Hundred Seventeen Dollars and Thirteen Cents ($9,817.13). The instrument evidencing the "loan" was captioned "Loan Receipt And Agreement". Paraphrased, it provided: relator, as borrower, acknowledged receipt of Nine Thousand Eight Hundred Seventeen Dollars and Thirteen Cents ($9,817.13) from insurer as a loan, same bearing no interest and repayable only in the event and to the extent of any net recovery relator might make against James Tiona, Sr., relative to a debit commodity futures trading account in the amount of Fifteen Thousand Nine Dollars and Fifty Cents ($15,009.50), claimed owed by James Tiona, Sr. to relator; relator covenanted that no settlement had been made with or release given to James Tiona, Sr. concerning the debit account, nor would any settlement be made or release given without the written consent and approval of insurer; relator, as security for repayment, pledged insurer relator's claim against James Tiona, Sr., and any recovery made thereon; relator agreed to cooperate with insurer and to promptly present relator's claim against James Tiona, Sr., and, if necessary, to file suit in its (relator's) name against James Tiona, Sr., all at the risk and expense of and subject to the exclusive direction, management and control of insurer; relator appointed insurer its agent and attorney-in-fact to commence and prosecute suit in relator's name against James Tiona, Sr. for the amount claimed owed to relator, all at the risk and expense of insurer.

Ultimate determination of whether respondent exceeded his jurisdiction in ordering insurer made a party-plaintiff under Rule 52.04(b), V.A.M.R. (as it existed on February 22, 1971, and prior to December 1, 1972, the effective date of present Rule 52.04) initially requires construction of the "Loan Receipt And Agreement" and the attendant legal consequences flowing from such construction relative to insurer's status as a party. The impressed construction is four pronged, namely, whether it constituted (1) payment and satisfaction of insurer's liability to relator, (2) a subrogation agreement, (3) assignment of relator's claim or cause of action against James Tiona, Sr., or (4) strictly a "loan". Sequentially, each prong will now be analyzed and a final construction placed upon the "Loan Receipt and Agreement".

■ Did the "Loan Receipt And Agreement" constitute payment and satisfaction of insurer's liability to relator? The language employed in the instrument was clearly cast in terms of a "loan" that was "repayable" upon certain conditions. The instrument contained no language which could reasonably be construed as payment and satisfaction of insurer's liability to relator. Halferty v. National Mutual Casualty Company, 296 S.W.2d 130 (Mo.App. 1956) stands as authority that the instrument in question did not constitute payment and satisfaction of the insurer's liability to relator. Newco Land Co. et al. v. Martin et al., 358 Mo. 99, 213 S.W.2d 504 (1948), recognizes the validity of such instruments, that such are not precluded by law or public policy, and that no assignment is effected. Although never directly ruled on in this state, Halferty v. National Mutual Casualty Company, supra, cites with approval Lee v. Barrett, 82 Misc. 475, 144 N.Y.S. 941, where it was held that the type of instrument in question gave no right of subrogation to the insurer-lender.

In this connection, see also 13 A.L.R.3d 42, Section 9 at 94. Construction of the instrument as constituting payment and satisfaction of insurer's liability to relator can not prevail.

■ Did the "Loan Receipt And Agreement" constitute a subrogation agreement? This court held in Kroeker v. State Farm Mutual Automobile Insurance Company, 466 S.W.2d 105, 110 (Mo.App. 1971), "* * * subrogation presupposes an actual payment and satisfaction of the debt or claim to which the party is subrogated * * *." Having already construed the instrument as not constituting payment and satisfaction of insurer's liability to relator, and for the further reason that any liability of insurer to relator under the policy of insurance was bottomed on losses resulting from dishonest acts of relator's employees, a construction of subrogation can not prevail.

■ Did the "Loan Receipt And Agreement" constitute an assignment? To be construed an assignment the instrument must have completely divested relator of any legal title and right in the claim or cause of action against James Tiona, Sr. Conversely, if legal title and right to the claim or cause of action remained in relator, assignment can not prevail. See Kroeker v. State Farm Mutual Automobile Insurance Company, supra; Steele v. Goosen, 329 S.W.2d 703 (Mo.1959) and Hayes v. Jenkins, 337 S.W.2d 259 (Mo.App.1960). The instrument in question employed no language which directly or by innuendo suggested an assignment of relator's legal title or right in the claim or cause of action against James Tiona, Sr. The language in the instrument whereby relator covenanted that no settlement or release of the claim would be made or given without the written consent of the insurer, "recognized" that relator had not divested itself of legal title and right to the claim. Holt v. Myers, 494 S. W.2d 430 (Mo.App.1973). Attention now focuses on whether pledge of the claim and

any recovery thereon by relator to insurer completely divested relator of legal title and right to the claim or cause of action. The answer is no. Under Missouri law, the pledgor retains legal title. Milliken-Helm Commission Co. v. C. H. Albers-Commission Co., 244 Mo. 38, 147 S.W. 1065 (1912); I. H. Van Idour & Company v. Nelson, Webb & Aylor, 60 Mo.App. 523 (1895). The principle enunciated obviates any necessity of determining whether relator's claim or cause of action against James Tiona, Sr., could properly be the subject of a valid pledge.

■ Did the "Loan Receipt And Agreement" constitute strictly a "loan"? At the risk of being repetitious, the instrument was cast in terms of a "loan" repayable upon fixed conditions as to when and to what extent, i. e., repayable only in the event and to the extent of "any net recovery had by the relator against James Tiona, Sr.". The intent of relator and insurer that the instrument was a "loan" appears clear from the language employed, and construction of the instrument as a "loan" is supported by Newco Land Co. et al. v. Martin et al. supra, and Jacobs v. Fodde, 458 S.W.2d 588 (Mo.App.1970).

■ Even though respondent's order referred to insurer as "an indispensable party", respondent in his return to the preliminary rule of prohibition issued by this court referred to insurer as "a necessary party". As hereinafter noted, Rule 52.-04(b), insofar as its controlling applicability is concerned, turns on whether insurer was a "necessary party" and the issue will be approached on that basis. Moreover, if insurer is not a necessary party, perforce, it could not be an indispensable party. 67 C.J.S. Parties § 1f, p. 889.

■■ Rule 52.04(b), as of February 22, 1971, the date of respondent's order, provided respondent might order insurer made a party-plaintiff if "a complete determination of the controversy can not be had without the presence of other parties".

The Supreme Court in State ex rel. Knight Oil Company v. Vardeman, 409 S.W.2d 672, 675 (Mo. banc 1966), construing the aforementioned language in Rule 52.04(b), with acuity, said:

"The first essential * * * is a determination that it is a necessary party. If, *as a matter of law*, it is not, then the court abused its discretion when it ordered the joinder." (Emphasis in original.)

This court in Shepherd v. Department of Revenue, 377 S.W.2d 525 (Mo.App.1964) discussed and defined the term "necessary party" and equated "necessary party" with "the real party in interest" under Rule 52.-01. Jacobs v. Fodde, supra, and Halferty v. National Mutual Casualty Co., supra, stand as authority that relator is "the real party in interest" with respect to the claim and cause of action being asserted against James Tiona, Sr. Conversely, on this basis alone, insurer was not a necessary party. It is not necessary, however, to repose determination of whether insurer was a necessary party on the narrow basis just mentioned. Insurer has no right with respect to the claim or cause of action against James Tiona, Sr., which require or necessitate determination before the rights of relator and James Tiona, Sr. are finally and conclusively adjudicated in the pending action between them. A complete determination of the controversy between relator and James Tiona, Sr. can be had without the presence of insurer as a party, without prejudice of any kind to relator or James Tiona, Sr. By the very terms of the "Loan Receipt And Agreement" insurer is and would be precluded from ever asserting that the claim was not properly brought and prosecuted to a final judgment in relator's name alone, and, further, insurer would be irrevocably precluded from ever claiming that it was not conclusively bound by any final judgment entered in the pending action between relator and James Tiona, Sr. At most, insurer would have only a lien on the proceeds of any recovery relator might obtain in the pending action.

Since the "Loan Receipt And Agreement" was what it purported to be, a "loan", insurer was not "a necessary party" in the principal action brought by relator against James Tiona, Sr. Respondent exceeded his jurisdiction in ordering relator to amend its petition and join insurer as a "party-plaintiff" or, upon failure to do so, ordering relator's cause of action dismissed.

The preliminary rule in prohibition is made absolute.

All concur.