Charles Eugene O'HOWELL, Appellant,

v.

**CONTINENTAL INSURANCE COMPANY, Respondent.**

No. 45907.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

David M. Remley, Cape Girardeau, for appellant.

Richard K. Kuntze, Cape Girardeau, for respondent.

CRANDALL, Presiding Judge.

Charles Eugene O'Howell appeals from a judgment of the trial court which granted respondent, Continental Insurance Company, a judgment notwithstanding the verdict. We vacate the judgment and remand with directions.

Appellant brought suit against respondent seeking money damages for breach of contract. Respondent had issued an automobile liability policy to Michael and Carlton G. Puchbauer, which extended coverage to permissive drivers of the Puchbauers' motor vehicle. On March 4, 1980, appellant was involved in a two-car collision while operating the Puchbauer vehicle. The driver of the other vehicle filed suit against appellant. Appellant tendered the defense of the suit to respondent, who declined on the ground that appellant was not a permissive driver. Respondent also refused to satisfy the subsequent $514.40 judgment rendered against appellant for the same reason.

Thereafter, appellant executed a "loan receipt" with his personal automobile insurer, Cameron Mutual Insurance Company

(Cameron), whereby Cameron loaned appellant the money to satisfy the judgment. The loan receipt obligated appellant to proceed against respondent to recover the $514.40 and conditioned his obligation to repay the loan on his recovery against respondent. Cameron also agreed to pay the costs of the litigation.

Appellant then filed suit against respondent. The case was tried to a jury and a verdict was returned in favor of appellant for $514.40 and court costs. The trial court sustained respondent's after trial motion for judgment n.o.v. "because plaintiff never sustained any damages as a result of any acts or omissions of the defendant and therefore a 'loan receipt' creates no cause of action in this plaintiff."

The parties have stipulated that permissive drivers of the Puchbauers' motor vehicle are insureds within the meaning of the policy of insurance issued by respondent. The jury, by its verdict, found that appellant was a permissive driver. The issue on appeal is whether appellant retained title to his claim against respondent after he executed the loan receipt with his own insurance company.

Appellant was damaged by the judgment rendered against him. The receipt of money from his insurance company to pay the judgment in exchange for the execution of the loan receipt constituted a loan between the parties, rather than an assignment of appellant's claim. *State ex rel. Bartlett and Company, Grain v. Kelso,* 499 S.W.2d 579, 582 (Mo.App.1973). Although appellant's insurer had a lien on the proceeds of any recovery that appellant might obtain against respondent, the exclusive right to maintain the action remained with appellant. *Id.* at 583. We therefore hold that appellant's borrowing of money from a third party, albeit his insurer, to satisfy the judgment against him did not divest him of his right to pursue his claim against respondent.[1]

The trial court's judgment n.o.v. in favor of respondent is vacated and the case is remanded with directions to reinstate the judgment on the verdict in favor of appellant.

REINHARD and CRIST, JJ., concur.

---

1. The other contentions raised by respondent were not raised in his motion before the trial court and are, therefore, not preserved for appellant review. *Stix Friedman & Company, Inc. v. Fidelity and Deposit Company of Maryland,* 563 S.W.2d 517, 521 (Mo.App.1978).